NO. _____

| | | |
|---|---|---|
| FAITH COMMUNITY BAPTIST CHURCH OF WEATHERFORD, INC., | § § § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § § | |
| v. | § § | PARKER COUNTY, TEXAS |
| GUIDEONE INSURANCE COMPANY, | § § § | |
| Defendant | § § | \_\_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, FAITH COMMUNITY BAPTIST CHURCH OF WEATERFORD, INC., and files this Original Petition against GUIDEONE INSURANCE COMPANY, Defendant herein, and, in support thereof, would respectfully show unto the Court the following:

### I.    DISCOVERY CONTROL PLAN

1.1.    Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff intends this case to proceed under a Level 3 Discovery Control Plan.

### II.    PARTIES AND SERVICE

2.1.    Plaintiff, FAITH COMMUNITY BAPTIST CHURCH OF WEATERFORD, INC., (hereinafter, "Plaintiff" and/or "Faith Community") is a church located at 3577 North FM 51, Weatherford, TX 76085.

2.2.    Defendant, GUIDEONE INSURANCE COMPANY (hereinafter, "Defendant" and/or "GuideOne"), is an insurance company engaging in the business of insurance in the State

of Texas and at all times material to the allegations in this Petition has conducted such insurance business in the State of Texas. Guideone may be served with process by certified mail, by serving its authorized agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found. Citation is requested at this time.

### III.    JURISDICTION AND VENUE

3.1.    The jurisdiction of this matter is proper in that the subject matter and the amount in controversy are within the jurisdictional requirements of this Court.

3.2.    Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief under $1,000,000.00. Plaintiff reserves the right to amend this designation, should discovery dictate the need.

3.3.    This court has jurisdiction over Defendant GuideOne because it is an insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of GuideOne's business activities in the State of Texas. Additionally, the agents / adjusters of this claim, acting within the scope of its authority and / or outside of the scope of its authority individually made statements to Plaintiff as well as conducted additional activities consisting of making representations, inspecting Plaintiff's property, adjusting the claim, making false representations as to Plaintiff's insurance and selling Plaintiff the insurance policy(s) in issue in this case, all of which took place in Parker County, Texas.

3.4.    Venue is proper in Parker County, Texas because the insurance contract was sold to Faith Community in Parker County, Texas. The subject property is in Parker County, Texas; the storm that damaged the subject property occurred in Parker County, Texas; Defendant and / or its agents conducted business in Parker County, Texas and/or made false and misleading claims

and statements to Faith Community and the subject property was the property Defendant agreed to insure in Parker County, Texas.

  3.5. Venue is also proper in Parker County, Texas under Texas Civil Practice and Remedies Code § 15.011 because this suit concerns a recovery of damages suffered by real property located in Parker County, Texas.  Accordingly, venue is proper in such county under the mandatory venue provision of the Texas Civil Practice and Remedies Code cited above. Venue is also proper in Parker County, Texas pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(1) because all or a substantial part of the acts, omissions, occurrences and / or events giving rise to the claim made the basis of this suit and damages incurred took place in Parker County, Texas.

## IV. FACTUAL BACKGROUND

  4.1. Faith Community was insured by Defendant under insurance policy no. 00-1235-867 (the "Policy" and / or "insurance contract").  A true and correct copy of such Policy is attached hereto as **Exhibit 1**. Faith Community is the owner of the property, located at 3577 North FM 51, Weatherford, TX 76085 (the "Property").  Faith Community acquired the Policy by and through Defendant.  As part of the underwriting process related to Faith Community's acquisition of the subject Policy, Defendant arranged for the Property to be inspected as part of that process.  Such resulted in the generation of a report that was utilized by Defendant to upgrade Faith Community's coverage for and on the Property and/or affected the premium that included a $2,500 deductible for windstorm and/or hailstorm coverage. Faith Community suffered a hail and/or windstorm loss to the Property on or about October 4th, 2023.  Faith Community filed a claim in connection with its agent and/or broker for the damage suffered at the Property to which Defendant assigned Claim # AA184133.

4.2.    As a result of filing the claim, Defendant, by and through its agents, retained Envista Forensics ("Envista") to inspect the Property. Envista purportedly inspected the damage to the Property resulting from the storm and Defendant supposedly evaluated / adjusted Faith Community's claim.  Defendant, by and through the actions and inaction of its agents, failed to conduct a reasonable investigation of the damage to Faith Community's Property and the claim. Defendant disregarded the pertinent evidence of hail/windstorm damage and failed to fully and properly investigate Faith Community's claim for property damage. Faith Community, acting on behalf of Defendant, failed to request pertinent information to fully investigate the claim.

4.3.    Defendant failed to timely and properly prepare correct estimates of the scope of damage to the Property and / or failed to provide any such estimates to Faith Community in a timely manner.  Defendant also failed to hire any qualified experts to appropriately assess the damage to the Property. Defendant also failed to timely communicate with Faith Community which further delayed the claims process. Defendant performed an inadequate, incomplete and unreasonable investigation of Faith Community's claims.  Envista, acting on behalf of Defendant, failed to document demonstrable evidence of the hail/wind damage.  Defendant's estimate did not include all damages sustained.  Defendant did not properly assess all damages caused by the storm and undervalued damage caused to the roof and structure of the property.  Instead, Defendant engaged in a "results-oriented" process, intended from the outset to avoid acknowledgement of damage caused by the hail and / or windstorm.  Defendant failed and refused to retain or hire appropriate consultants or experts in its haste to reach its predetermined conclusions regarding damage to the Property. Defendant relied exclusively on the determinations of Envista in determining what amounts, if any, to pay on Faith Community's claim and failed to perform its own adequate investigation.

4.4.    Weatherford, TX experienced a severe weather event characterized by high winds, torrential rains, and damaging hail on October 4, 2023. This storm resulted in damage to the property, particularly evident in hailstone impacts on all roofing surfaces, as well as damage to gutters and downspouts. Further, water intrusion was found in multiple locations within the interior of the building.

4.5.    Envista Forensics representative, Rich Farris, inspected the property on March 1, 2024. Mr. Farris produced a field report of his findings, drawing three main conclusions:

1.    The function of the metal panel roof was not affected by hail; however, random, cosmetic dents were observed that occurred at least one year ago, due to the lack of congruent spatter. markings with the dents.

2.    The building was not damaged by wind.

3.    The roof leaks were caused by deferred maintenance to the roof panels.

Based on Envista's findings, GuideOne denied Faith Community's claim.

4.6.    On April 6, 2024 Faith Community's public adjuster, Only Plans Claims and Consulting, LLC (OP), conducted its own investigation of the property. During the assessment, OP noted damage to gutters and observed twenty-seven hailstone impacts, ranging in size from 0.75" to 1.50" in diameter, on all roof coverings. The hail impacts were notably present along the seams and within the field of the panels. OP also observed hail impacts to all roof penetrations (roof vents). OP also observed interior leaks in the main building in the Meeting Hall, Sanctuary, and Back Rooms. Water damage was observed on flooring in the Sanctuary.

4.7.    OP's investigation affirmatively disproved conclusions 1 and 3 of the Envista report. The impact observed on the metal panels affected the overlapping seams, having created an unfortunately ideal situation where wind-driven rain can enter the interior of the property. Thus, because the metal roof lost its water-shedding ability, the damage is now functional in nature. OP's

investigation refuted the Envista report statement, "random, cosmetic dents were observed that occurred at least one year ago, due to the lack of congruent spatter markings with the dents." OP effectively matched hail strikes to that which were reported by Hail Trace on October 4, 2023.

4.8.    OP's findings further invalidate the Envista report, especially the claim that the roof leaks were due to deferred maintenance. The observed hail impacts, which varied in size from 0.75" to 1.50", particularly affected the seams of the panels. These seams were creased and damaged at the impact sites, not randomly scattered as if from a lack of maintenance, which subsequently allowed wind-driven rain to penetrate into the building.

4.9.    The Envista report also lacked precise measurements of observed hail damage, did not use accurate weather data, and was created by a registered architect, not a licensed engineer. This is particularly disturbing when considering that GuideOne relied on a mistaken report created by an unqualified individual to make its coverage determinate that there was no structural damage and deny Faith Community's claim.

4.10.    Defendant wrongfully denied Faith Community's claims. Defendant wrongfully represented that hail and/or windstorm damage that occurred during the Policy's coverage period were not covered under the Policy when in fact they were.  Likewise, Defendant, wrongfully denied the Claim based exclusively on the faulty and inadequate adjusting/estimating of its agents and/or employees.

4.11.    These actions and inactions by Defendant constitute its collective failure to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of Faith Community's property damage claim.  The failure and refusal of Defendant to conduct a reasonable investigation and adjusting of Faith Community's claims, in conjunction with the improper underwriting/sale of the

Policy resulted in Faith Community being denied a prompt, fair and equitable settlement of its property damage claims resulting from the hail/windstorm in question.

4.12.    On October 1ˢᵗ, 2024, Defendant was provided demand for payment of the amounts due under the terms of the Policy. A true and correct copy of the October 1ˢᵗ, 2024 Notice provided to Defendant is attached and incorporated for all purposes as Exhibit 2. Defendant and its agents were also advised in the October 2024 notice of its contractual and statutory obligations to timely pay the amount owed to Faith Community and, that failure to do so would subject them to liability for further costs, expenses, attorney fees and damages that would be owed to Faith Community. *Id.*

4.13.    Defendant simply refuses to acknowledge its responsibility to properly adjust and pay Faith Community's claim, or abide by its own written Policy terms, which Defendant sold and promised to Faith Community and by and thought the acts of its agents and / or employees.  Such actions and inactions in failing to timely and promptly pay the amount owed under the policy thereby subjects Defendant to all statutory punishments, including but not limited to the deceptive trade practice laws of this state. Defendant was provided pre-suit notice pursuant to Tex. Ins. Code § 542A and / or the DTPA on October 1ˢᵗ, 2024. Therefore, Faith Community is entitled to recover all statutory remedies entitled to it under the Texas Insurance Code and / or Texas Consumer Protection and Deceptive Trade Practices Act.

4.14.    Defendant knew of the possibility of the paying out under the policy and consented to the same when it first entered into the Policy/insurance contract with Faith Community. The filing of this lawsuit is only necessary because Defendant and/or its agents, sold a policy and then refused to honor the terms of that Policy.

4.15.   But for Defendant's improper acts and omission following the issuance of the Policy, Faith Community would be properly made whole.

4.16.   Prior to the sale of the Policy to Faith Community, Defendant by and through its agents and/or employees represented that the Policy would be honored in the event of a covered loss and paid in accordance with the Policy's terms. Moreover, from the time of sale of the Policy to date, Defendant, by and through its agents and / or employees assured Faith Community that it was adequately insured and that no items were excluded from coverage due to prior damage, and that Defendant would comply with its Policy, which clearly has not happened.

4.17.   Defendant has not paid Faith Community's claim, even though the Policy provided coverage for losses such as those suffered. Defendant has also failed to perform its contractual duty to adequately compensate Faith Community —the injured party under the terms of the Policy.

4.18.   Defendant has failed and refused to pay the full proceeds due under the terms of the Policy, although due demand was made for such proceeds to be paid.

4.19.   All conditions precedent to recovery upon the Policy have been performed, have occurred and / or have been waived by Defendant. Therefore, Defendant's conduct constitutes breach of the Policy/insurance contract between Defendant and Faith Community.

4.20.   In addition, both before and after the issuance of the Policy, Defendant misrepresented to Faith Community that it was covered for damages caused by hail and / or wind storms, and after wrongly denied payment of such a covered loss, in violation of the terms of the Policy. In addition, based upon Defendant's claim estimates and admitted coverage of storm damages including, documents that accompanied and / or supplied to Faith Community, such claims were valid. Thus, Defendant's conduct also constitutes violations of the Texas Insurance Code.

4.21.   Defendant has also failed to make an attempt to pay or settle Faith Community's claim in any manner, although it was aware of its liability under the Policy. Thus, Defendant's conduct also constitutes violates of the Texas Unfair Competition and Unfair Practices Act. See, TEX. INS. CODE § 541.060(2).

4.22.   In addition, Defendant has failed and refused to provide any legitimate or valid reason for failure to pay the loss and to adequately settle Faith Community's claim, particularly in light of the fact that an inspection of the property had occurred as part of the underwriting process and that process had not excluded any portion of the Property from coverage for damages that occurred during the policy period. Accordingly, Defendant's conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act, pursuant to TEX. INS. CODE § 541.060(3).

4.23.   Defendant also failed to affirm or deny coverage of Faith Community's claims within a reasonable time. Specifically, Faith Community did not receive timely indication of acceptance or rejection, regarding the full and entire claim(s), in writing from Defendant. Accordingly, Defendant's conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. See, TEX. INS. CODE § 541.060(4).

4.24.   Defendant has issued severely inadequate compensation to Faith Community under the terms of the Policy. More specifically, Defendant has created and performed an outcome-oriented process by and through its handling and / or underpayment of Faith Community's claim, which resulted in a biased, unfair and unequitable attempt to avoid paying under the policy. Faith Community's continuing losses are due to Defendant's knowing and intentional actions and/or inactions. Such conduct constitutes violations of the Texas Unfair Competition and Unfair Practices Act. See, TEX. INS. CODE § 541.060(7).

4.25.    Defendant was also required to make payment of Faith Community's claims—without delay. To date, Faith Community has not yet received full payment for its claim in compliance with the Policy/insurance contract or Texas law. Thus, Defendant failed to meet its obligations under the Texas Insurance Code and its conduct constitutes violations of the Texas Prompt Payment of Claims Act. See, TEX. INS. CODE § 542.055.

4.26.    Defendant's conduct and/or failure to meet its obligations under the Policy and the Texas Insurance Code constitutes additional violations of the Texas Prompt Payment of Claims Act. See, TEX. INS. CODE § 542.056. From and after the time Faith Community provided notice to Defendant, the liability to pay the full claim in accordance with the terms of the Policy was absolutely, certainly, and reasonably clear. However, Defendant has refused to fully compensate Faith Community despite there being no actual, actionable, or legitimate bases whatsoever on which a reasonable insurance company would have relied on to deny the full payment.

4.27.    As a result of Defendant's acts and/or omissions, Faith Community had to retain counsel and selected the attorneys who are representing it in this cause of action. As a matter of law, Faith Community is entitled to have Defendant pay for its reasonable and necessary attorneys' fees, costs and expenses, incurred by Faith Community, in accordance with its statutory and common law claim asserted herein.

4.28.    Unfortunately, Faith Community's experience with Defendant does not appear to be an isolated case. The acts and/or omissions and/or bad faith conduct of Defendant committed in this case, or similar acts and/or omissions, appear to occur with such frequency to other insureds that it constitutes a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for itself, all at the expense and prejudice of its policyholders / insureds such as Faith Community.

## V.    CAUSES OF ACTION

Plaintiff incorporates all preceding Paragraphs herein by reference.

### COUNT 1:  ANTICIPATORY BREACH OF CONTRACT AND BREACH OF CONTRACT

5.1.    Defendant's conduct, as described above, constitutes a breach of the insurance contract (the Policy) made between Defendant and Faith Community.

5.2.    Defendant's failure and refusal, as described above, to pay the adequate compensation to Faith Community, as obligated to do so under the terms of the Policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Faith Community.  Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees for such violations of the Texas Insurance Code.

5.3.    Defendant's conduct in this regard, also constitutes multiple violations of the Texas Unfair Compensation and Unfair Practices Act. See, TEX. INS. CODE, Chapter 541.  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

5.4.    Defendant's unfair practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.[1]

5.5.    Defendant's unfair settlement practice, as described above, of failing, in good faith, to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.[2]

---

[1] TEX. INS. CODE § 541.051, § 541.060 and § 541.061.
[2] TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

## COUNT 2:  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

5.6.    Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to the insured in insurance contracts.

5.7.    Defendant's failure, as described above, to adequately and reasonably investigate and properly value Faith Community's claim, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## COUNT 3:  DECEPTIVE TRADE PRACTICES & UNCONSCIONABLE CONDUCT - KNOWLEDGE AND INTENT

5.8.    Each of the acts described above, together and singularly, were done "knowingly" and "intentionally" and were a producing cause of Plaintiff's damages described herein pursuant to the Texas Deceptive Trade Practices Act ("DTPA").

5.9.    Each of the acts described above, together and singularly, constitute a violation of the DTPA pursuant to its tie-in provision for Insurance Code violations as set forth herein. Moreover, each of the acts as shown shall be construed both separately and together, and constitute such violations.  Accordingly, Plaintiff also brings each and every cause of action alleged above under the DTPA, pursuant to its tie-in provision.

5.10.    At all times material hereto, Plaintiff was a consumer who acquired, by purchase or lease, goods and/or services from Defendant. Defendant acts and/or omissions have violated the DTPA in one or more of the following manners:

a.    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

b.  Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

c.  Advertising goods or services with intent not to sell them as advertised;

d.  Making false or misleading statements of fact concerning the reasons for, existence of, or amount of reductions;

e.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

f.  Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction;

g.  Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and/or

h.  Engaging in an unconscionable course of conduct.

## COUNT 4:  VIOLATIONS AND NONCOMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

5.11.  Defendant's conduct, as described above, constitutes multiple violations of Texas Prompt Payment of Claims Act. TEX. INS. CODE, Chapter 542.

5.12.  Defendant's failure, as described above, constitutes a non-payment of the claims in violation of TEX. INS. CODE § 542.055-542.060. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

5.13.    As described herein, Faith Community has a claim under the Policy.  Defendant is liable for the claim and has failed to comply with both the Policy's terms, and the statutory requirement of Texas Prompt Payment of Claims Act.[3]

5.14.    Defendant is also liable for its failure to perform one or more of those duties not later than the 15th day (30th day if Defendant is a surplus lines insurer) after receipt of notice of at the claim[4] and, pay the claim within five "business days" (or twenty days if Defendant is a surplus lines insurer[5]).

## COUNT 5: UNFAIR INSURANCE PRACTICES

5.15.    Defendant's conduct, as described above, constitutes multiple violations of Unfair Insurance Practices.

5.16.    Defendant engaged in one or more of the following settlement practices with respect to a claim made by Faith Community:[6]

a.    Misrepresenting to Faith Community one or more material facts or policy provisions relating to coverage at issue;

b.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim:

i.    with respect to which the Defendant's liability has become reasonably clear; or

ii.    a claim under one portion of the policy of the claim with respect to which the Defendant's liability has become reasonably clear in order to influence Faith Community to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

---

[3] TEX. INS. CODE § 542.051-542.061.
[4] TEX. INS. CODE § 542.055(a)(3).
[5] TEX. INS. CODE § 542.057(a-c).
[6] TEX. INS. CODE § 541.060

c.     Failing to provide promptly to Faith Community a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant's denial of the claim or for the offer of a compromise settlement of the claim;

d.     Failing within a reasonable time to:

i.     Affirm or deny coverage of a claim to Plaintiff;
ii.    Submit a reservation of rights to Plaintiff;

5.17.    Defendant also engaged in one or more of the following improper and unfair settlement practices with respect to a claim made by Faith Community:[7]

a.      Misrepresentations and false advertising of policy contracts;

b.     False information and advertising generally;

c.     Unfair discrimination;

d.     Rebates;

e.     Deceptive names, words, symbols, devises, and slogans; and/or

f.     Misrepresentation of the insurance policies;

5.18.    Defendant engaged in one or more of the following settlement practices with respect to a claim made by Faith Community:[8]

a.     Making an untrue statement of material fact;

b.     Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

c.     Making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

d.     Making a material misstatement of law; and/or

---

[7] TEX. INS. CODE § 541.151
[8] TEX. INS. CODE § 541.061

e.    Failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with another provision of the insurance code.

## COUNT 6: NEGLIGENT MISREPRESENTATION

5.19.    Defendant, individually and/or through its agents made one of more representations and/or assurances to Plaintiff in the course of the Defendant's business or in a transaction in which the Defendant had an interest. Defendant owed an independent duty arising as the result of its knowledge that Plaintiff would rely on such representation(s) / assurances and did in fact rely upon such representation(s) / assurances.[9]

5.20.    Defendant, individually and/or through its agents made such representation(s) / assurances in the course of a transaction in which Defendant had an interest. Defendant, individually and/or through its agents made the representation(s) for the guidance of others. Such representation(s) / assurances were a misstatement of fact or opinion. Defendant did not use reasonable care in obtaining or communicating such information to Plaintiff. Plaintiff justifiably relied on Defendant's representation(s) / assurances when Plaintiff purchased and continued the Policy. Defendant's misrepresentation(s) proximately caused injury to Plaintiff that resulted in the following damages: actual damages, exemplary damages, interest, and court costs.

5.21.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

5.22.    Faith Community's injury resulted from Defendant's gross negligence, which entitles Plaintiff to exemplary damages under Tex. Civ. Prac. & Rem. Code §41.003(a).

## COUNT 7: FRAUD

5.23.    In the alternative or in addition to other counts, Defendant individually and/or through its agent(s) committed fraud. Defendant, individually and/or through its agents made one

---

[9] *Grant Thorton LLP v. Prospect High Income Fund*, 991 S.W.2d 787, 792 (Tex. 2010); *McCamish, Martin, Brown & Loeffler v. FE. Appling Interests*, 991 S.W.2d 787, 792 (Tex.1999).

or more representations / assurances to Faith Community.  Such representation(s) / assurances were material and were false. When such representation(s) / assurances were made, Defendant knew the representation(s) / assurances were false, or made them recklessly, and/or as a positive assertion, and without knowledge of its truth.  Defendant made the representation(s) / assurances with the intent that Faith Community act on it, which he did to its detriment by purchasing and keeping the Defendant Policy in issue in this case that is essentially worthless due to its failure to provide the benefits contained therein to Faith Community for its covered loss.  Faith Community's reliance on the representation(s) / assurance(s) caused damage to it.

### COUNT 8:  CONSPIRACY

5.24.    Defendant is a member of a combination of two or more persons, by and through them and/or its agents, reached a meeting of the minds and acted in such a manner as to act knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim, including making false statements, misrepresenting material facts, and engaging in actions and/or omissions for the purpose of misleading Plaintiff as to its actual policy, prior claims, claim values, insurance benefits, coverages, contract terms, and damages resulting from the perils / losses related to any claim, and Plaintiff having relied upon such conduct has been injured.

5.25.    Defendant, by and through itself or its respective agents, misled Plaintiff as to the rights, duties, and insurance benefits in the subject contract for insurance, and Plaintiff having relied upon such conduct, has been injured.

5.26.    The conduct described was done intentionally, knowingly, and/or recklessly and for the purpose of having Plaintiff rely on such conduct, which in fact happened, thereby causing Plaintiff to suffer injury.

## VI.    REQUEST TO COMPEL MEDIATION

6.1.    Pursuant to TEX. INS. CODE § 541.161, Faith Community seeks relief to compel mediation of the dispute in the manner provided, as the Court "….shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation."[10]

## VII.    AFFIRMATIVE DEFENSES

7.1.    Contra Proferuntum.  If necessary, the Defendant contract is unilateral and in the event of ambiguity must be held against the drafter.

## VIII.    AGENCY

8.1.    All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant and/or were completed in the normal and routine course and scope of employment.

8.2.    As set forth herein, Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. All violations under this subsection are made actionable by Section 541.151 of the Texas Insurance Code.

8.3.     Defendant is liable for the unfair and deceptive acts of its assigned adjusters because it meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as any "individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the

---

[10] TEX. INS. CODE § 541.161(b).

business of insurance, including an agent, broker, adjuster or life and health insurance counselor."[11]

8.4.    Separately, and/or in the alternative, as referenced and described above, Defendant ratified the actions and conduct of its agents, including the completion of their duties under common law and statutory law.

## IX.    CONDITIONS PRECEDENT

9.1.    All conditions precedent to Plaintiff's recovery have been performed, have occurred, have been waived, or are excused.

## X.    WAIVER AND ESTOPPEL

10.1.    Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## XI.    NOTICE OF INTENT TO USE DISCOVERY

11.1.    Plaintiff gives notice of its intent to use documents and other tangible items produced in discovery against the party or parties producing same in all pretrial matters and trial of this Lawsuit.

## XII.    DISCOVERY RULE

12.1.    As to any claim by Defendants that any Statute of Limitations applies to bar any of Plaintiff's causes of action, Plaintiff expressly invokes the Discovery Rule, as that term is known and understood under Texas Law.

---

[11] TEX. INS. CODE §541.002(2) (emphasis added); see also *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## XIII.  DAMAGES AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that Defendant, GuideOne Insurance Company, be cited to appear and answer herein and that upon a final trial on the merits, Plaintiff recover from such Defendant the following:

a.     Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the proximate and or producing causes of damages sustained and to be recovered by Plaintiff;

b.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the policy benefits withheld, together with consequential damages and attorney's fees;

c.     For noncompliance with the Texas Unfair Competition and Unfair Practices Act, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorney's fees.[12] For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and/or three times mental anguish damages.[13]

d.     For noncompliance with Texas Prompt Payment of Claims Act, Plaintiff is entitled to the amount of its claim, as well as interest on the total amount of the claim per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which it may show here to be justly entitled.[14] Tender of partial payment of a claim does not reduce

---

[12] *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.).
[13] TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.
[14] See *Barbra Tech. Corp. v. State Farm Lloyds*, 589 S.W.3d 806 (Tex. 2019), reh'g denied (Dec. 13, 2019).  See, *Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty*, No. 05-00-011171-CV, 2001 WL 914990 (Tex. App.—Dallas, August 15, 2001, no pet.).

**PLAINTIFF'S ORIGINAL PETITION**                                    **PAGE 20 OF 22**

—

the penalty:  the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment that is made.[15] Violations of Tex. Ins. Code § 542 are strict liability without any exception.

e.      For breach of the common law duty of good faith and fair dealing, actual damages, direct and indirect consequential damages, exemplary damages and/or mental anguish as to be determined by the jury.[16] Exemplary damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for a breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions;

f.      Plaintiff seeks recovery of attorney fees as allowed by law.  If attorney's fees must be quantified at an hourly rate, Plaintiff seeks attorney's fees at $450 an hour.[17] Attorney's fees are awarded to a party as part of the damages owed by an insurance company that violates the cited provisions of the Texas Insurance Code and it is appropriate to require those found liable for such violations to pay the attorney's hourly fee, statutorily, and for common law claims;

g.      Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policy holders. To punish Defendant and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate;

---

[15] See *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 106 S.W.3d 174,183-84 (Tex. App.—Amarillo 2003, pet. denied). Also *see Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F .3d 456, 461 (5th Cir. 1997).
[16] See *Lee v. Safemate Life Ins. Co*., 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd).
[17] See *Mid-Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied).

h.     The Declaratory Relief set forth herein and above;

i.     Pre-judgment and post judgment interest at the maximum rate allowed by law;

j.     Expert Witness fees;

k.     Costs of court;

l.     Such further relief, at law or in equity to which it may be justly entitled.


                    Respectfully submitted,

                    **RED DIRT LEGAL, PLLC**

        By:*/s/ James McClenny*_____
                    James McClenny          SBN 24091857
                    Email: james@reddirtlegal.com
                    10334 Greenbriar Pkwy
                    Oklahoma City, OK 73159
                    Telephone: (405) 527-8001
                    Facsimile: (405) 527-1539
                    **FOR PLAINTIFF, FAITH COMMUNITY
                    BAPTIST CHURCH**